IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JASHAR MORRIS,

           Petitioner,

v.                                           CIVIL ACTION NO. 2:06-cv-00938
                                                    (Criminal No. 2:05-cr-00125)

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Jashar Morris's Motion to Vacate, Set Aside and Correct Sentence [Docket 63] and Motion for Status Conference [Docket 109].

Mr. Morris filed a Motion to Vacate, Set Aside and Correct Sentence under 28 U.S.C. § 2255 on November 3, 2006. The matter was referred to the Honorable Mary E. Stanley, Federal Magistrate Judge, for proposed findings and recommendation pursuant to 28 U.S.C. § 636. After instructing the United States to file a response to Mr. Morris's motion, the Magistrate Judge conducted an evidentiary hearing on August 14, 2007. After reviewing the evidence submitted, she recommended that the court grant Mr. Morris's motion and vacate his convictions [Docket 102]. The United States filed timely objections [Docket 103]. Thereafter, Mr. Morris filed a Motion for a Status Conference seeking a timely ruling on the Magistrate Judge's proposed findings and recommendation [Docket 109].

For the reasons that follow, and after careful review, I **REJECT** the Proposed Findings and Recommendation, and **DENY** the Motion to Vacate, Set Aside and Correct Sentence. I also **DENY** the Motion for Status Conference as moot.

## I. Factual Background

On May 20, 2005, Sergeant William Winkler of the Charleston, West Virginia Police Department was working a speed trap on the 100 block of Virginia Street East when he received a radio call from the central dispatcher that gun shots had been fired on the north side of Charleston. The dispatcher indicated that several citizens had called 911 to report that a Hispanic man wearing jean shorts and a grey t-shirt had dropped a pistol from his pants on the 2600 block of 7th Avenue. The reports indicated that the gun discharged when it fell from the man's pants and the bullet struck him in the leg.

In one of those calls, the dispatcher received this information from an individual named "Scott" who called 911 and left his telephone number. The dispatcher called back and spoke to Scott a second time before Sgt. Winkler arrived at the scene. As mentioned earlier, the dispatcher also received corroborating calls from other citizens who are not identified by name or telephone number in the record.

When Sgt. Winkler arrived at the reported location he saw Jashar Morris, a light skinned African-American man who was wearing jean shorts and a grey t-shirt. The parties do not dispute that Mr. Morris was acting in an agitated and animated manner by waiving his arms and talking to himself. Sgt. Winkler exited his patrol car and ordered Mr. Morris to the ground. Mr. Morris did not respond, and stared blankly at Sgt. Winkler. Sgt. Winkler then unholstered his pistol to the "low-ready" position and ordered Mr. Morris to the ground. Mr. Morris then complied with the

directive and positioned himself on the ground. Sgt. Winkler holstered his pistol and asked Mr. Morris if he had been shot, to which Mr. Morris replied "I haven't been shot, but I've got a gun in my pocket." Sgt. Winkler then removed the pistol from Morris's waistband, and searched his pockets where he found a baggie that contained a substance that later proved to be cocaine base. Mr. Morris was arrested and taken into custody, and later interviewed after executing a *Miranda* waiver.

## II. Procedural Background

A grand jury charged Mr. Morris in a three count indictment arising out of his arrest on May 20, 2005. Specifically, the grand jury charged Mr. Morris with one count of possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and one count of knowingly possessing a firearm while being an unlawful user of and addict to a controlled substance in violation of 18 U.S.C. § 922(g)(3). After retaining his third lawyer, William Forbes, and receiving discovery from the United States, Mr. Morris signed a plea agreement and entered a guilty plea to counts one and two of the indictment on July 21, 2005. Mr. Morris entered into the plea agreement without filing any pretrial motions to suppress. This court sentenced Mr. Morris to the statutory minimum of five years imprisonment on count one, followed consecutively by the statutory minimum sentence of five years imprisonment on count two, for a total term of ten years. After his sentence, Mr. Morris filed the instant Motion to Vacate, Set Aside and Correct Sentence under 28 U.S.C. § 2255 on November 3, 2006. Mr. Morris claims that his sixth amendment right to effective assistance of counsel was violated because Mr. Forbes did not file a motion to suppress the evidence obtained from the search. Mr. Morris also claims that Mr. Forbes

did not discuss the possibility of a motion to suppress with him or tell him that he could make a conditional plea and still appeal the potential denial of a motion to suppress.

The Magistrate Judge ordered the United States to respond to Mr. Morris's petition, and appointed counsel for an evidentiary hearing that took place on August 14, 2007. Judge Stanley heard testimony from Mr. Morris, Sgt. Winkler, and Mr. Forbes, Mr. Morris's trial counsel. After receiving briefing on the evidentiary matters presented at the hearing, the Magistrate Judge made proposed findings of fact and recommendations. Specifically, she recommended that the court find that Sgt. Winkler violated Mr. Morris's Fourth Amendment right to be free from unreasonable searches when he stopped Mr. Morris. She also found that Mr. Forbes did not file a motion to suppress the evidence seized from the unlawful stop, and his failure to do so fell below an objective standard of reasonableness. Finally, she recommended a finding that, but for the error, Mr. Morris's motion to suppress would have been granted and he would not have been convicted.

The United States lodged several objections to the Proposed Findings and Recommendation. The United States initially objects to the Magistrate Judge's finding that Mr. Morris was, at least in part, a credible witness, arguing that Mr. Morris is a liar and is not credible. It next objects to the Magistrate Judge's findings regarding whether Mr. Forbes discussed the possibility of filing a motion to suppress. The United States additionally argues that the Magistrate Judge erred in concluding that Mr. Morris was entitled to prevail on his claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). In particular, the United States argues that the Magistrate Judge erred in finding that Mr. Forbes's conduct fell below an objective standard of reasonableness and in finding that Mr. Morris suffered prejudice as a result of such conduct.

### III. Standard

The court reviews the Magistrate Judge's Proposed Findings and Recommendation *de novo* if a party objects. *See* 28 U.S.C. § 636(b)(1); *see also Segal v. L.C. Hohne Contractors, Inc.*, 303 F. Supp. 2d 790, 793 (S.D. W. Va. 2004).

As the Fourth Circuit has recently noted, "[t]o prevail on an ineffective assistance claim, a petitioner must establish (1) that counsel's performance was deficient and (2) that the deficiency prejudiced the defense." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing *Strickland,* 466 U.S. at 687). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. A court's review of "counsel's performance must be highly deferential." *Id*. at 689. In order to eliminate the distorting effect of hindsight, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (internal quotations omitted).

"To establish *Strickland*'s second element, a petitioner must show a reasonable probability that counsel's deficient performance prejudiced the outcome of the case. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Gray*, 529 F.3d at 234 (internal citations and quotations omitted).

### IV. Discussion

In reviewing whether Mr. Forbes's representation fell below an objective standard of reasonableness, the Magistrate Judge considered two ABA Standards for Criminal Justice. (Prop.

-5-

Find. Rec. 13-14.) In particular, Judge Stanley noted that ABA Standard 4-3.6 states that "[d]efense counsel should inform the accused of his or her rights at the earliest opportunity," and "should consider all procedural steps which in good faith may be taken, including, for example . . . moving to suppress illegally obtained evidence." She also reviewed ABA Standard 4-5.1(a), which provides that "defense counsel should advise the accused with complete candor concerning all aspects of the case, including a candid estimate of the probable outcome." After noting that Mr. Forbes had served as the prosecuting attorney for Kanawha County, West Virginia, for over a decade, the Magistrate Judge turned to an analysis of whether Mr. Morris's Fourth Amendment rights were violated during his arrest.

The Magistrate Judge found, after reviewing relevant Fourth Amendment law, that "a motion to suppress should have been filed, and there is a reasonable probability that it would have been granted." (Prop. Find. Rec. 21.) The determination of whether to file a motion to suppress, however, does not rest solely on the determination of whether any remote chance of success exists. It may also involve tactical decisions calibrated to mitigate future charges and to facilitate a plea agreement. Counsel is empowered to weigh these considerations and make a strategic decision as to whether to file a motion to suppress.

"Criminal defendants possess essentially two categories of constitutional rights: those which are waivable by defense counsel on the defendant's behalf, and those which are considered 'fundamental' and personal to the defendant, waivable only by the defendant." *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992). Fundamental rights that are personal to the defendant, and which cannot be waived by counsel alone, include the decision to enter a guilty plea, to waive a jury trial, and to pursue an appeal. *See id.* (citing *Boykin v. Alabama*, 395 U.S. 238

(1969); *Fay v. Noia*, 372 U.S. 391, 439 (1963); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 277-78 (1942)). Among the decisions counsel independently can make without obtaining the defendant's consent are matters of tactics and trial strategy, such as "'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.'" *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (quoting *Teague*, 953 F.2d at 1531). This includes the decision whether or not to file a motion to suppress because "[t]rial counsel has superior experience with the criminal process and detailed, objective knowledge of the strengths and weaknesses of the defendant's case. Trial counsel also is in a far better position to assess the meritoriousness of a pre-trial motion to suppress[.]" *Id.*

The *Strickland* court recognized that defense counsel must have "wide latitude" to make these types of tactical decisions. 466 U.S. at 688-89. Therefore, "the failure to file a suppression motion does not constitute per se ineffective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Rather, counsel's ability to make tactical decisions regarding a motion to suppress is such that he may conclude that it is in the defendant's best interest *not* to file a motion to suppress *even if* that motion is potentially meritorious.[1] *See Moore v. Czerniak*, 534 F.3d 1128,

---

[1] An analysis of the motion's potential merits would have been relevant if counsel had made a decision not to bring the motion to suppress solely because he believed it would not be successful. *See, e.g., Coleman v. United States*, 525 F. Supp. 2d 998, 1002 (N.D. Ill. 2007). Under that circumstance, an analysis of the motion's potential for success would bear upon whether counsel's decision not to bring the motion was a reasonable one. Mr. Forbes has given another justification, however, for not filing the motion to suppress in this case, namely that he sought to protect his client from additional criminal charges while pursuing a plea agreement with a reduced sentence based on substantial assistance. Accordingly, my analysis will not focus on whether or not the motion would have been meritorious.

Moreover, an analysis of whether or not the motion actually would have succeeded more properly belongs under *Strickland's* second prong, that is, whether there is a reasonable probability that counsel's deficient performance prejudiced the outcome of the case. *See Kimmelman*, 477 U.S.
(continued...)

1179 (9th Cir. 2008) (Bybee, J. dissenting); *cf. Kimmelman*, 477 U.S. at 385 (finding that counsel's failure to file a motion to suppress constituted ineffective assistance, but noting that counsel failed to bring the motion based on his failure to investigate and not because it was part of his trial strategy); *Czerniak*, 534 F.3d at1130, 1143 (finding that counsel was ineffective because he failed to bring a meritorious motion to suppress, but noting that counsel did so due to ineptitude and not because of any strategic reason). Counsel's decision not to file a motion to suppress will be judged on whether that choice fell below an objective standard of reasonableness. *See Kimmelman*, 477 U.S. at 2582-83; *Czerniak*, 534 F.3d at 1138.

Mr. Forbes testified that he was aware of potential charges that Mr. Morris could have faced based on other events that occurred outside of the incident at issue. The Magistrate Judge observed that Mr. Morris faced charges for five different encounters with police officers where Mr. Morris possessed firearms or guns, or both. The United States argues that it was prepared to pursue several of the charges, at least one of which could have resulted in a consecutive twenty-five year sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(c).[2] Mr. Forbes testified that there was

---

[1](...continued)
at 2582-83; *see also United States v. Malone*, 484 F.3d 916, 920 (7th Cir. 2007) (suggesting that counsel's negative view of a motion's likelihood of success is only one justification among other "plausible reasons" for a tactical decision not to file a motion to suppress); *Martin v. Maxey*, 98 F.3d 844, 848 (5th Cir. 1996) ("[C]ounsel's failure to move to suppress evidence, when the evidence would have been suppressed if objected to, can constitute deficient performance . . . unless counsel's failure was due to a tactical decision."). Under that prong, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 2583.

[2] Mr. Morris contends that he would not have faced an enhanced sentence under the Armed Career Criminal Act because the gun, drugs and statement from the underlying incident would have been suppressed had there been a suppression hearing. (Pet. Resp. 9.) The record contains evidence
(continued...)

ample reason not to "play[] hardball" with the United States. (Tr. Evid. Hr'g [Docket 93] 71-72.) He also recognized the possibility that if Mr. Morris cooperated, he could be eligible for a substantial assistance motion under Fed. R. Crim. P. 35. (*Id.* at 70.) Mr. Forbes accordingly chose not to file a motion to suppress on "a search and seizure issue" that would have "risk[ed] an extra bunch of time in jail." (*Id.* at 69.) Mr. Forbes testified that he "took as quick a plea as [he] could get in order to try to limit the amount of harm [Mr. Morris] would be subject to and to keep open the option of reducing the sentence he was going to get." (*Id.* at 83.)

It is clear from Mr. Forbes's testimony that he made a conscious decision not to file a motion to suppress after considering the tactical benefit to his client and that he did not merely fail to file the motion through inadvertence or ineptitude. *Cf. Czerniak*, 534 F.3d at 1143-44 (rejecting the suggestion that counsel's strategic motivation for not filing a motion to suppress was an effort not to impair plea negotiations because counsel's affidavit indicated that he never considered that justification as a basis for his decision and "[w]here the issue is whether counsel's performance was ineffective, we must decide that question based on what counsel's reasons for his decisions actually were, not on the basis of what reasons he could have had for those decisions." (citing *Alcala v. Woodford*, 334 F.3d 862, 871 (9th Cir. 2003)). Counsel's deliberate decision to minimize his client's exposure to additional charges, while attempting to secure a reduced sentence for substantial assistance, was a reasonable tactical choice. *Cf. United States v. Cervantes*, 267 Fed. Appx. 741, 743 (10th Cir. 2008). In *Cervantes*, the defendant's trial counsel did not file a brief in support of his motion to suppress because the government indicated that it would not support a downward

---

²(...continued)
of five other charges, however, stemming from incidents on other dates that Mr. Morris might have faced. The United States could have sought an enhanced sentence on those separate incidents.

departure for cooperation if the defendant pursued the motion to suppress. *Id.* Based on this representation, counsel "made the decision to focus on a motion for downward departure based on cooperation. Although the opportunity to cooperate did not ultimately materialize, . . . [the defendant did] not provide[] any evidence that counsel's decision was anything other than a strategic choice that was reasonable . . . ."

I conclude that counsel reasonably may choose to pursue a plea agreement in lieu of a motion to suppress as part of a deliberate trial strategy, and therefore may make "a strategic choice that was reasonable, even apparently wise from counsel's perspective at the time . . . ."[3] *Id.* (emphasis removed; quotation omitted); *see also Weaver v. Palmateer*, 455 F.3d 958, 972 (9th Cir. 2006); *cf. Rodriguez v. Young*, 906 F.2d 1153, 1160 (7th Cir. 1990) (finding that counsel's stated reasons for deciding against filing a motion to suppress were not reasonable when, *inter alia*, filing the motion to suppress would not have put the defendant at any disadvantage); *Perry v. United States*, No. 0223T, 2003 WL 22871694, *3 (D.R.I. Oct. 27, 2003) ("[C]ounsel made a perfectly reasonable tactical decision to abandon the motion to suppress in order to obtain the benefits in the plea agreement . . . ."). Given *Strickland's* strong presumption that trial counsel's strategic or tactical decisions are correct, Mr. Forbes's decision "falls within the wide range of reasonable professional assistance," particularly in light of the potentially serious consequences to Mr. Morris that could

---

[3] If an attorney's representation fell below an objective standard of reasonableness when he failed to pursue a potential motion to suppress, there would be no need to grant that attorney any leeway for tactical decisions made. Instead, a court would simply determine whether a defendant was prejudiced by something defense counsel "could" have done as opposed to what counsel objectively "should" have done. If the inquiry were so limited, it would also improperly conflate *Strickland*'s prejudice analysis with the question of whether the decision not to file such a motion was a reasonable one.

have resulted from filing a motion to suppress, that is, additional criminal charges against him. *Strickland*, 466 U.S. at 689.

Finally, it is clear that Mr. Forbes properly considered filing a motion to suppress pursuant to ABA Standard 4-3.1.6, which requires that defense counsel consider all procedural steps which in good faith may be taken, including moving to suppress illegally obtained evidence. Mr. Forbes's ultimate rejection of that step is not in violation of the professional standard, which only requires that counsel consider taking the step, but does not force him to do so.[4]

Because I **FIND** that Mr. Forbes's tactical decision not to pursue a motion to suppress was a reasonable one, Mr. Morris cannot satisfy the first prong of *Strickland* and his ineffective assistance of counsel claim fails. I therefore need not address *Strickland*'s second prong, that is, whether there is a reasonable probability that counsel's deficient performance prejudiced the outcome of the case. Accordingly, I **REJECT** the Magistrate Judge's proposed finding that Mr. Forbes's representation fell below an objective standard of reasonableness.

---

[4] Additionally, Judge Stanley found that Mr. Forbes did not discuss with Mr. Morris the possibility of filing a motion to suppress in violation of ABA Standard 4-5.1(a). That omission, however, does not necessarily violate Standard 4-5.1(a), which directs defense counsel to "advise the accused with complete candor concerning all aspects of the case, including a candid estimate of the probable outcome." Mr. Forbes properly exercised his discretion in deciding not to file a motion to suppress, a decision that was his to make as a matter of trial strategy. Moreover, Standard 4-5.2, which governs control and direction of the case, emphasizes that strategic and tactical decisions are made by defense counsel, and recommends that counsel consult with the client, not in all circumstances, but only where feasible and appropriate. Finally, although the ABA Standards provide relevant guidelines as to what constitutes reasonable performance by counsel, they are not dispositive in and of themselves. *See Strickland*, 466 U.S. at 688; *Meyer v. Branker*, 506 F.3d 358, 372 (4th Cir. 2007).

## V. Conclusion

After careful study of the objections raised by the United States, and after review of the Magistrate Judge's thoughtful and detailed analysis, I must respectfully disagree with the Magistrate Judge's Proposed Findings and Recommendation. I believe that Mr. Forbes acted within the wide range of objectively reasonable representation in making tactical trial decisions, including the decision not to file a motion to suppress. For those reasons, I **REJECT** the Magistrate Judge's Proposed Findings and Recommendation, and **DENY** Mr. Morris's Motion to Vacate, Set Aside and Correct Sentence. I also **DENY** Mr. Morris's Motion for Status Conference as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 27, 2008

Joseph R. Goodwin, Chief Judge